JOHN D. COLLINS, 3D, AND ALLENTOWN PORTLAND CE-
MENT COMPANY, A CORPORATION OF THE STATE OF
PENNSYLVANIA, PLAINTIFFS-RESPONDENTS, v. MET-
ROPOLITAN CASUALTY INSURANCE COMPANY OF
NEW YORK, A CORPORATION OF THE STATE OF NEW
YORK, DOING BUSINESS IN THE STATE OF NEW JER-
SEY, DEFENDANT-APPELLANT.

Argued October 17, 1934—Decided January 10, 1935.

For the plaintiffs-respondents, *John M. Mills* (*Harold A. Price,* of counsel).

For the defendant-appellant, *Lum, Tamblyn & Fairlie* (*Chester W. Fairlie,* of counsel).

The opinion of the court was delivered by

CASE, J. This is an appeal by the defendant insurance company from a judgment entered in the Supreme Court for the plaintiffs and against it in the amount of $8,511.88. The judgment was entered upon the finding of Judge Lawrence, sitting, by consent, without a jury.

The action arises on a claim of Allentown Portland Cement Company for materials furnished on a Monmouth county

road under a contract between one Harry C. Wagner, trading as Camden Paving Company, and the board of chosen freeholders of the county of Monmouth, the defendant company having furnished a bond under chapter 75. *Pamph. L.* 1918, *p.* 203. The litigated question is whether the required statement was served upon the bonding company within the statutory period of eighty days following acceptance of the road by the Monmouth county freeholders, and this, in turn, depends upon the fixing of the time when acceptance was had. The road contract and the bond were executed on or about August 8th or 9th, 1929. There was a formal and, in its terms, sufficient resolution of acceptance adopted by the board of freeholders on November 23d, 1932. There is no doubt that if that was, as the court below found, the date of acceptance, the necessary statement was served in season thereafter upon the bonding company and the action in due time begun. However, the bonding company contends that acceptance occurred either on April 23d, 1930, or on June 5th, 1931. If this contention is sound, the statement was not served in season.

The time of acceptance of the work under municipal contracts is of vital importance because upon it depends the sufficiency of the several steps necessary to be taken by subcontractors, materialmen or laborers entitled to recover on the contractor's bond under the statute cited, *supra*. It is unfortunate if the essentials of acceptance are so loosely defined as to leave the defendant bondsman fairly in doubt, when sued upon the bond, whether to rely upon the events of a given day or of another day more than a year later as constituting the acceptance. For if an obligee, when put to its defense, is thus confused, what of those whom the legislature sought to protect by requiring the bond? They must, at their peril, determine when the facts of the case constitute an acceptance under the statute and govern their several steps in chronological accord therewith. To them an acceptance by the contracting public agency is necessary, and time—the furnishing of a statement within eighty days after acceptance and institution of suit within one year after acceptance

but not less than sixty days after the furnishing of the statement—is of the essence. *Franklin Lumber Co.* v. *Globe Indemnity Co.,* 102 *N. J. L.* 9; *Commonwealth Quarry Co.* v. *Metropolitan, &c., Co.,* 108 *Id.* 518; *John P. Callaghan, Inc.,* v. *Continental Casualty Co.,* 110 *Id.* 390. An apt illustration of the difficulty sometimes incident to that decision is before us in the present case. Plaintiffs instituted an earlier suit on the same cause on April 20th, 1931, alleging that the acceptance was on April 23d, 1930, to which the defendant answered that the transactions of that day did not constitute an acceptance, whereupon plaintiffs, believing that the defense was well grounded, discontinued that action, caused a resolution of formal acceptance to be passed by the board and brought the instant suit.

The explanation of the appellant's alternative argument is that it seeks to find the acceptance, not in a formal action of the freeholders resolving to accept, but as a conclusion from other acts that are said to have occurred. The contract provided:

"Upon the completion of the work, the Engineer shall certify to the Board of Chosen Freeholders, in writing, as to the completion of the work and shall further certify as to the entire amount and value of each class of work performed.

"The Board of Chosen Freeholders, upon receipt of such certificate, shall certify the aforesaid certificate and estimate to the County Treasurer for payment of the amount unpaid and due, which amount shall be ninety-five per cent. (95%) of the entire cost of the work less previous payments and any other proper deductions as herein provided.

"At the time of acceptance the whole work must have been finished in a neat and workmanlike manner and must be in that condition at that date. Defects arising from any cause or at any time before acceptance must be made good and the whole work put in the condition as herein specified before acceptance.

"The remainder, or five (5) per cent. will be retained for a period of one (1) year by the county of Monmouth as further security for the faithful performance of article 37, page 10, and will be paid on certificate of the Engineer."

Appellant asserts that the incidents thus anticipated, namely, the certification and the payment of ninety-five per centum, actually happened on April 23d, 1930, and that there was consequently, as a fact, an acceptance within the intent of the contract on that day; and that the remainder of the contract price was paid on June 5th, 1931, which, as it says, constitutes an acceptance if there had not been an earlier acceptance.

For the purposes of the argument we may assume that the contract anticipated an acceptance of the work as an incident to the engineer's written certification of completion and the payment of all of the contract price except the retained five per centum. Whether an acceptance is to be conclusively presumed from such happenings, without more, we need not determine. It is apparent that if it were proper to draw that conclusion as a matter of law, the facts upon which the conclusion should rest would need to be clearly in proof. Such clarity of proof is not before us and was not before the trial judge.

Defendant placed in evidence an exhibit marked *D-1* which consisted of an order for additional work in the amount of $446.71, an order for work reduction in the amount of $442.10 an engineer's final estimate in the amount of $6,664.89, the contractor's receipt in that figure and a payment voucher dated April 23d, 1930, in like amount. The extra work order, the receipt and the voucher by their terms, and the estimate by inference, were made to relate to the road covered by the contract in question, namely, Farmingdale-Belmar road No. 32, section 2. Along with and as a development of that proof defendant introduced in evidence the minutes of the board of chosen freeholders for April 23d, 1930. It was then thought that the minutes related to the mentioned road contract. It now appears that they do not. By their content they refer to "Farmingdale-Belmar road No. 36, section 2," which appellant's brief now conceives to be a different road section covered by another contract with the same contractor. The minutes, now considered by appellant to be irrelevant, read as follows:

"County Engineer Allen also reported the expiration of maintenance on Belmar-Farmingdale Road No. 36, Section 2, contractor Camden Paving Company. On motion by Mr. Borden, seconded by Mr. Jeffrey and duly carried the five per cent. retained was released, and the fact ordered noted on the minutes. * * * In connection with the Camden Paving Company of the Farmingdale-Belmar Road No. 36, Sec. 2, Mr. Allen submitted for approval a Reduction Order in the sum of $442.10 and an Extra Work Order for $446.71. On motion by Mr. Borden, seconded by Mr. Jeffrey approval was given of these documents and the Directors and Clerk authorized to sign the same on behalf of the County."

The striking similarity between the provisions of the minutes relating to No. 36 and the proofs relating to No. 32, particularly the unexplained and precise identity of the figures for addition and reduction, at once raises a doubt as to whether there is not a mistake in either one or the other set of proofs, and if so, in which. The substantiality of this question is emphasized by the self-contradiction in the reduction order forming part of *Exhibit D-1*. That order is entitled "Road No. 36, Sec. 2," while its body reads "Road No. 32, Sec. 2," and by the fact that while the order for extra work and the reduction order are in terms directed toward future action they must, if they are to be consistent with the assumption of a completed job, be understood as ratifying an accomplished compliance. The transcript discloses no other minutes of board action on or about April 23d, 1930, or indeed of any other date except as presently mentioned. No such final, complete and unconditional acceptance (*Yale & Towne Manufacturing Co.* v. *Aetna, &c., Co.*, 110 *N. J. L.* 593) is thereby established as to take the question out of the field of factual dispute.

That leaves as the only evidence bearing upon the question at issue prior to the formal acceptance of November 23d, 1932, a voucher dated June 3d, 1931, for a "retained five per cent." in the amount of $4,040.52 and the minutes of the board of May 20th, 1931, wherein are noted oral statements by the county treasurer and the county attorney and

the fact that a motion was passed authorizing "the payment of the balance now held by him (viz., the county treasurer) to the order of the Camden Paving Company and the Metropolitan Casualty Insurance Company." These latter proofs are to be considered in two aspects, namely, as proof of a contemporaneous acceptance and as proof of an acceptance on April 23d, 1930. The gist of appellant's argument is that the provisions of the contract and of the specifications are controlling as to what should constitute an acceptance of the work and that by that standard there was an acceptance. Yet there is nothing in those provisions to indicate that acceptance was to lie in the payment of a retained five per centum, and we discern nothing in the transactions of May 20th-June 3d, 1931, to establish, conclusively, that thereby the contracting parties either intended to or did accomplish an acceptance, whether by the standard of the contract or otherwise. So, too, the proofs of these later events totally fail to show an acceptance as of April 23d, 1930, and fail to demonstrate conclusively that there had been an acceptance at any earlier date. That the contractor and the board called the June, 1931, payment a "final payment" or a payment of "the retained five per cent.," does not conclusively prove as to third persons who had an interest in the event that the ninety-five per centum had been paid on a final estimate a year or more before or indeed had ever been paid. However convincing the affirmative thereof may appear to a trier of the fact, it nevertheless remains that there is a fact to be determined. It was for the judge, sitting as a trier of fact, to decide, and he had, we think, support in the evidence for the award that he made. Therefore, on well settled principles, we shall not disturb the award.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—HEHER, J. 1.